ROESCH, INC. and Marketing Division, Inc., Appellants,

v.

STAR COOLER CORPORATION, a Missouri corporation; Hussmann Refrigeration, Inc.; and Tour Ice Midwest, Inc., Appellees.

No. 81–1562.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1983.

Decided July 12, 1983.

---

William J. Travis, argued, St. Louis, Mo., for appellants; Greensfelder, Hemker, Wiese, Gale & Chappelow, St. Louis, Mo., of counsel.

Veryl L. Riddle, Thomas C. Walsh, John Michael Clear, argued, St. Louis, Mo., Byron A. Roche, Burton Halpern, Bridgeton, Mo., for appellees Star Cooler Corp. and Hussmann Refrigeration, Inc.; Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., of counsel.

Barry A. Short, Thomas M. Newmark, argued, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for appellee Tour Ice Midwest, Inc.

Before LAY, Chief Judge, and HEANEY, BRIGHT, ROSS, McMILLIAN, ARNOLD, JOHN R. GIBSON and FAGG, Circuit Judges, en banc.

ROSS, Circuit Judge.

Roesch brought this action alleging that defendants, Star Cooler, Hussmann and Tour Ice, violated section one of the Sherman Act. The district court[1] directed a verdict in favor of defendants finding insufficient evidence of an antitrust conspiracy. *Roesch, Inc. v. Star Cooler Corp.,* 514 F.Supp. 890 (E.D.Mo.1981). A panel of this court affirmed the district court's judgment on appeal. *Roesch, Inc. v. Star Cooler Corp.,* 671 F.2d 1168 (8th Cir.1982). On that same day a separate panel filed an opinion in *Battle v. Lubrizol Corp.,* 673 F.2d 984 (8th Cir.1982) which reached a result contrary to that in the present case. We accordingly granted rehearing *en banc* in both *Roesch* and *Battle.* On October 1, 1982, while the cases were under consideration by the court *en banc,* Judge George G. Fagg was appointed to succeed Judge Roy L. Stephenson, who assumed senior status on April 1, 1982. Judge Stephenson died on November 5, 1982. Because of the possibility of reaching inconsistent results in *Roesch* and *Battle* the court decided to resubmit both cases *en banc,* on the briefs, with Judge Fagg voting on both cases. Thus, the cases were resubmitted to the new *en banc* court without oral argument.

The judgment of the district court in this case is affirmed by an equally divided court upon rehearing *en banc.* The judgment, accordingly, is without precedential value and "the usual practice is not to express any opinion, for such expression is unnecessary where nothing is settled." *Ohio v. Price,* 364 U.S. 263, 264, 80 S.Ct. 1463, 1464, 4 L.Ed.2d 1708 (1960). *See, e.g., Fair Assessment in Real Estate Assoc., Inc. v. McNary,* 622 F.2d 415 (8th Cir.1980), *aff'd,* 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981). In the present case, however, because of the significance of the issue involved and the circumstances of the changed *en banc* panel, we elect to set forth our reasons for affirming the district court's judgment. We affirm essentially for the reasons discussed in the panel opin-

1. The Honorable H. Kenneth Wangelin, Chief Judge for the Eastern District of Missouri.

ion.[2] *Roesch, Inc. v. Star Cooler Corp., supra,* 671 F.2d 1168. We file this opinion as additional support for our position.

Initially, we note that a directed verdict for defendant is appropriate in an antitrust case where plaintiff fails to make a prima facie showing of a section one violation. *Oreck Corp. v. Whirlpool Corp.,* 639 F.2d 75, 78 (2d Cir.1980), *cert. denied,* 454 U.S. 1083, 102 S.Ct. 639, 70 L.Ed.2d 618 (1981); *Edward J. Sweeney & Sons, Inc. v. Texaco,* 637 F.2d 105, 115 (3d Cir.1980), *cert. denied,* 451 U.S. 911, 101 S.Ct. 1981, 68 L.Ed.2d 300 (1981); *Chisholm Bros. Farm Equip. Co.,* 498 F.2d 1137, 1139–40 (9th Cir.), *cert. denied,* 419 U.S. 1023, 95 S.Ct. 500, 42 L.Ed.2d 298 (1974). In reviewing a grant or denial of a motion for directed verdict this court must view the evidence in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences without assessing the credibility of witnesses. However, it is well settled that the jury

> "is permitted to draw only those inferences of which the evidence is reasonably susceptible, and may not be permitted to resort to speculation." *Viking Theatre Corp. v. Paramount Film Distrib. Corp.,* 320 F.2d 285, 296 (3d Cir.1963), *aff'd by an equally divided court,* 378 U.S. 123, 84 S.Ct. 1657, 12 L.Ed.2d 743 (1964); *see Twin City Plaza, Inc. v. Central Sur. & Ins. Corp.,* 409 F.2d 1195, 1202–03 n. 8 (8th Cir.1969). When the evidence is so one-sided as to leave no room for any reasonable difference of opinion as to how the case should be decided, it should be decided by the court as a matter of law rather than submitted to a jury for its determination. *Kennedy v. U.S. Construction Co.,* 545 F.2d 81, 82 (8th Cir. 1976); *Gillette Dairy, Inc. v. Hydrotex*

*Inds., Inc.,* 440 F.2d 969, 971 (8th Cir. 1971).

*Admiral Theatre Corp. v. Douglas Theatre Co.,* 585 F.2d 877, 883 (8th Cir.1978).

Section one, by its terms, requires proof of an agreement, conspiracy or combination in restraint of trade. 15 U.S.C. § 1. To establish the existence of such a conspiracy, Roesch was required to submit evidence from which a jury could have reasonably inferred that Star Cooler's decision to terminate Roesch was the direct result of a conscious commitment by defendants to a common scheme. *Edward J. Sweeney & Sons, Inc. v. Texaco, supra,* 637 F.2d at 111. Thus, a *per se* violation of section one would be established by proof that Star Cooler terminated its relationship with Roesch at the request of competing distributors and that the termination was in pursuit of a price related end. *Contractor Utility Sales Co. v. Certain-Teed Products Corp.,* 638 F.2d 1061, 1072 n. 9 (7th Cir.1981); *Alloy Int'l Co. v. Hoover-NSK Bearing Co.,* 635 F.2d 1222, 1225 (7th Cir.1980); *Cernuto, Inc. v. United Cabinet Corp.,* 595 F.2d 164, 170 (3d Cir.1979). The district court held that there was no evidence of any conspiracy or concerted action between Star Cooler and any other person and further, that Roesch failed to prove that the alleged conspiracy "had the effect or was entered into with the intent of unreasonably restraining trade." *Roesch, Inc. v. Star Cooler Corp., supra,* 514 F.Supp. at 893 and 895.

Roesch argues that the evidence demonstrates that employees of Tour Ice and Hussmann complained to Star Cooler about the low prices Roesch was quoting customers. Roesch maintains that his termination following the distributors' complaints presents strong circumstantial evidence of a section one violation.[3] A careful examina-

---

**2.** The factual background of this case is set out in the district court and panel opinions and will not be repeated here.

**3.** Roesch relies on the Ninth Circuit decision in *Girardi v. Gates Rubber Company Sales Division, Inc.,* 325 F.2d 196 (9th Cir.1963) in which that court found a section one conspiracy where one distributor was terminated following complaints by competing distributors. We

agree with the district court's discussion of *Girardi* and its conclusion that "[t]his case has been often distinguished and is of questionable authority, and in any event is easily distinguished from the present case." *Roesch, Inc. v. Star Cooler Corp.,* 514 F.Supp. 890, 894 and n. 5 (E.D.Mo.1981).

tion of the evidence reveals only that an employee of Tour Ice telephoned Star Cooler to ask whether Tour Ice was receiving the best price and that an employee of Hussmann called Star Cooler to determine why Roesch was quoting such low prices. Neither of the phone calls involved requests to terminate Roesch or threats of any other action. The evidence on the record is insufficient to prove that the phone calls constituted a conspiracy. The distributors' complaints were for the purpose of determining whether Star Cooler was treating its distributors fairly. Such complaints are not *per se* unlawful. *Westinghouse Elec. v. CX Processing Labs.,* 523 F.2d 668, 676 (9th Cir.1975).

As the Second Circuit has held, it is not unlawful for a manufacturer to consult with its dealers and "those consultations, standing alone, would not establish the existence of a combination or agreement under the Sherman Act." *Borger v. Yamaha Int'l Corp.,* 625 F.2d 390, 395 (2d Cir.1980). Moreover, complaints of one distributor about the selling practices of another do not "indicate illegal concerted action, since it is merely normal marketplace behavior for such complaints to be made." *Oreck Corp. v. Whirlpool Corp., supra,* 639 F.2d at 80. Our reading of the record reveals only that employees of Tour Ice and Hussmann called Star Cooler to inquire about the fairness with which Star Cooler treated its distributors. We are hardpressed to call these conversations "complaints." However, even if the phone calls are characterized as distributors' complaints, they do not rise to the level of illegal concerted action.

We conclude that Roesch presented insufficient evidence of a section one violation and thus the directed verdict for defendants is affirmed. The additional issues raised by Roesch were adequately discussed in the district court's memorandum. Based on this court's disposition of this case, we see no need to address those issues here.

The district court's judgment is affirmed by an equally divided court. Judges Bright, John R. Gibson and Fagg join in this opinion.

McMILLIAN, Circuit Judge, dissenting, with whom LAY, Chief Judge, and HEANEY and ARNOLD, Circuit Judges, join.

I respectfully dissent for the reasons discussed in my dissenting opinion in the companion case decided today, *Battle v. Lubrizol Corp.,* 8 Cir., 673 F.2d 984.